UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

-----------------------------------------------------x

ROOSEVELT ROSE,

          Plaintiff,

    -against-

CORRECTION OFFICER MASIEY
#4610, et al.,

          Defendants.

**ORDER**

06 Civ. 464 (GEL) (MHD)

-----------------------------------------------------x

ROOSEVELT ROSE,

          Plaintiff,

    -against-

CITY OF NEW YORK DEPARTMENT
OF CORRECTION, et al.,

          Defendants.

05 Civ. 8829 (GEL) (MHD)

-----------------------------------------------------x

ROOSEVELT ROSE,

          Plaintiff,

    -against-

CITY OF NEW YORK DEPARTMENT
OF CORRECTION, et al.,

          Defendants.

05 Civ. 8828 (GEL) (MHD)

-----------------------------------------------------x

GERARD E. LYNCH, District Judge:

    On February 19, 2008, United States Magistrate Judge Michael H. Dolinger issued a Report and Recommendation ("R&R"), recommending that defendants' motions to dismiss plaintiff's complaints in these related actions, be granted with respect to the claims against correction officer defendants Masley, Gerris, Brown, Allen, Patterson, Santaluna, and Chadwick (named in No. 06 Civ. 464), and Imam Muhammad (named in No. 05 Civ. 8828), and otherwise denied.

On February 26, 2008, plaintiff Roosevelt Rose objected to the R&R. Although he does "not object to the dismiss[a]l of the claim against Imam Muhammad" (Obj. at 5), he objects to the dismissal of the correction officer defendants in No. 06 Civ. 464. Rose contends that:

> these officer defendants should not be given immunity nor should the claim be dismissed because they are just like the other defendants they take part in the day to day operation and running of the facility commissary. . . . Also . . . when I filed the grievance these officers were made aware of their actions as well as the warden and the commissioner and did not desist[] from their actions.

(Id. at 4.)[1] Rose's objections regarding the corrections officers will be denied, for the same reasons that similar objections by fellow inmates were denied. See Order of Jan. 25, 2008, Wesley v. Muhammad, No. 05 Civ. 5833; Order of March 7, 2008, Mason v. Masley, No. 06 Civ. 1829.

In the Order adopting Judge Dolinger's R&R in Wesley v. Muhammad with respect to issues almost identical to those presented here, this Court noted that there was "no basis in the complaint . . . for concluding that ordinary corrections officers responsible simply for operating the commissary had any authority over what was sold or how it was labeled" or that the corrections officers had any "reason to understand that simply doing their ministerial job could have any impact on plaintiff's religious practice or that selling a food product to an inmate who sought to purchase it could subvert plaintiff's constitutional rights via the chain of causation argued by plaintiff." Id. at 2-3. The same reasoning applies equally here.[2]

---

[1] Rose asserts that he attempted to mail an amended complaint to the Court in July 2006, "but due to a problem in the mail room my amended claim never reached the court." (Obj. at 3-4.) Rose acknowledges, however, that the amended complaint, for whatever reason, did not reach the Court; he does not indicate that the attempted amended complaint would have affected the resolution of the motion; and he evidently made no further attempt to file or serve the amended complaint in the 20 months since the failed attempt to file. The purported amended complaint thus has no bearing on the issue at hand.

[2] Judge Dolinger recommended that the claims against the corrections officer defendants in 05 Civ. 8828 and 05 Civ. 8829 not be denied because in those complaints Rose alleges that "[a]ll the CORRECTION OFFICER[]S are List[ed], Because they all got Notice from the[ir] Supervis[o]r about the Violation[]s and Still Continue to Sell Pork in the Commissary." (R&R at 18.) The complaint in the 06 Civ. 464 action contains no such similar allegations. As it does not, it cannot withstand defendants' motion to dismiss.

Therefore, it is hereby ORDERED that the objections are overruled, the R&R is adopted as the opinion of the Court, and the defendants' motions to dismiss are granted with respect to the claims against the corrections officer defendants in No. 06 Civ. 464 and Imam Muhammad in No. 05 Civ. 8828, and otherwise denied.

SO ORDERED.

Dated: New York, New York
     March 14, 2008

                                 GERARD E. LYNCH
                        United States District Judge